# IN THE COURT OF APPEALS OF IOWA

No. 14-0195
Filed June 10, 2015

**RICKIE LEE SLINGER,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Floyd County, James M. Drew, Judge.


　　Rickie Slinger appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**


　　David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

　　Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, and Kimberly L. Birch, Special Prosecutor, for appellee.


　　Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

Rickie Slinger appeals the district court's denial of his application for postconviction relief (PCR) claiming newly discovered evidence entitles him to a new trial. In 2006, Slinger was charged with one count of sexual abuse in the second degree and two counts of sexual abuse in the third degree; a jury found him guilty on all counts. He appealed the conviction, and our supreme court found the appeal frivolous and dismissed it. Slinger filed an application for PCR claiming his trial counsel was ineffective. The district court denied the application, and Slinger appealed. We affirmed the district court's denial.[1] In June 2012, Slinger filed a second application for PCR and (after withdrawing two of his claims) claimed he was entitled to a new trial due to newly discovered evidence relating to a witness for the State. The district court dismissed Slinger's application. Slinger now appeals.

Slinger claims "newly discovered information" concerning a trial witness entitles him to a new trial. The trial witness in question, a social worker, met with Slinger on two occasions. She gave testimony at trial regarding statements made by Slinger during those meetings. Subsequently, the Iowa Board of Social Work Examiners charged the social worker with practicing social work at a level requiring a master's degree and her license was placed on probation. She entered an *Alford* plea to one count of second-degree fraudulent practices and was granted a deferred judgment.

---

[1] *Slinger v. State*, No. 10-1338, 2011 WL 6058447 at *1 (Iowa Ct. App. Dec. 7, 2011).

The district court dismissed Slinger's application for PCR for three reasons: the "newly discovered evidence" related to matters that occurred after his trial, even if the evidence existed at the time of trial it would only be relevant to impeach the witness's testimony, and Slinger cannot establish the probability of a different result if a new trial was granted.  Pursuant to Iowa Court Rule 21.26(1)(d), we approve the district court ruling and affirm.

**AFFIRMED.**